

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2008

# Alim v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2382

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Alim v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1191.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1191

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-2382 & 07-3393
(Consolidated)
_____

IRA DESIREE ALIM;
JIMMY TAIRAS KHO,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A A95-144-583 & A70-868-690 )
Immigration Judge: Honorable Donald Vincent Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2008
Before: <u>Chief Judge</u> SCIRICA, FUENTES and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 20, 2008)
_____

**OPINION**
_____

PER CURIAM

Petitioners, Ira Alim and Jimmy Kho, petition for review of a final order of

removal issued by the Board of Immigration Appeals ("BIA") and petition for review of

the BIA's denial of their motion for reconsideration of their final order of removal. For

the reasons that follow, we will deny both petitions.

Petitioners, wife and husband,[1] are natives and citizens of Indonesia and are Christians. Alim entered the United States on January 11, 1999, as a B-2 non-immigrant visitor and was authorized to remain temporarily within the United States until February 10, 2000. On October 29, 2001, Alim was issued a Notice to Appear, which alleged that she was in the country without authorization. Kho entered the United States on November 5, 1998, as a B-2 non-immigrant visitor and was authorized to remain temporarily within the United States until November 4, 1999. On November 19, 2001, Kho was issued a Notice to Appear, which alleged that he was in the country without authorization. In response, Petitioners applied for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure.

In denying their claims on September 19, 2005, the Immigration Judge ("IJ") concluded that Petitioners' asylum applications were untimely. The IJ further found that Petitioners had not satisfied the requirements for withholding of removal pursuant to § 241(b)(3)(A) or for relief under the CAT. The IJ granted their applications for voluntary departure. On April 5, 2007, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision. Thereafter, Petitioners filed a timely petition for review. (C.A. No. 07-2382.) On May 4, 2007, Petitioners filed a motion for reconsideration with the BIA, which the BIA denied on July 10, 2007. On August 9, 2007, Petitioners filed a

---

[1] Petitioners were married in the United States.

petition for review of the BIA's denial of their motion for reconsideration, (C.A. No. 07-3393), and moved to consolidate both petitions. The petitions for review have been consolidated and are ripe for disposition.

Because the BIA's decision, which dismissed Petitioners' appeal, adopted a portion of the IJ's decision, we will review the determinations of both the BIA and the IJ. See Shehu v. Att'y Gen., 482 F.3d 652, 657 (3d Cir. 2007). We will sustain their determinations if they are supported by substantial evidence in the record. Id. Under the substantial evidence standard, we will uphold the determinations of the BIA and the IJ "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (citations omitted). We review the BIA's denial of a motion for reconsideration for an abuse of discretion. Nocon v. I.N.S., 789 F.2d 1028, 1033 (3d Cir. 1986). Under the abuse of discretion standard, the BIA's decision may be reversed only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

In most cases, we have jurisdiction to review a final order of removal involving the denial of asylum. 8 U.S.C. § 1252(a)(1). However, 8 U.S.C. § 1158(a)(3) provides that no court shall have jurisdiction to review any determination regarding the timeliness of an asylum application and the applicability of the exceptions. See Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003). Petitioners argue that we have jurisdiction to review the denial of their asylum applications because the IJ and the BIA failed to apply the

proper legal standard in determining the timeliness of their applications.[2]  More specifically, Petitioners argue that the IJ and BIA failed to properly review the evidence in the record by failing to consider Petitioner Alim's psychological evaluation.  We disagree.

The IJ's decision states, "[t]he Court has considered *all* of the reasoning that the respondents have provided the Court as to why they filed an application in a tardy fashion, and the Court, therefore, finds that none of these reasons amount to. . . extraordinary circumstances as that term is defined."  (Petr.'s App. 11) (emphasis added).  On appeal, the BIA adopted and affirmed the IJ's decision and reasoning for denying Petitioners' asylum applications and specifically stated that the Petitioners had failed to "demonstrate the existence of extraordinary circumstances preventing them from filing for asylum within the statutory and regulatory time limits."  (Id. at 12.)  The BIA's decision denying reconsideration further reiterates that the BIA considered the evidence in the record, stating "the respondent wife's emotional impairment was considered but was not deemed to have been of such nature as to excuse timely filing of the asylum application."  (Id. at 3.)

---

[2] In May 2008, the BIA issued a precedential opinion, albeit in another context, which would appear to establish that "the Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges *de novo*" rather than under a restrictive standard ("clearly erroneous") applied to factual matters. *Matter of V-K*, 24 I. & N. Dec. 500, 500, 2008 WL 2008855 (BIA 2008) (internal quotations omitted).

Based on the foregoing, we conclude that the IJ and the BIA properly considered the evidence in the record.   Accordingly, because there is no legal error, we lack jurisdiction to review the IJ's and the BIA's determination regarding the timeliness of Petitioners' asylum application and the applicability of the exceptions.  See Tarrawally, 338 F.3d at 185.

Petitioners also argue that the IJ and the BIA erred in concluding that they failed to establish past persecution on account of race, religion and membership in a particular social group.  See 8 U.S.C. § 1231(b)(3)(A).  To obtain withholding of removal, Petitioners must demonstrate a "clear probability" that their "[lives] or freedom would be threatened" on account of one of the aforementioned grounds.  Wang v. Gonzales, 405 F.3d 134, 139 (3d Cir. 2005); 8 U.S.C. § 1231(b)(3)(A).  If, however, Petitioners establish that they suffered past persecution it is presumed that their lives or freedom would be threatened for purposes of withholding of removal.  8 C.F.R. § 1208.16(b)(1). The Government may then rebut this presumption by proving certain criteria by a preponderance of the evidence.  See 8 C.F.R. § 1208.16(b)(A)-(B).

**Petitioner Alim**

At her hearing before the IJ, Alim testified that she was afraid to return to Indonesia because, while residing there, she was the victim of an attempted rape.  Two Muslim men attacked her and her friend after their motorcycle broke down.  An elderly man stopped and prevented the men from raping her and assisted Alim and her friend in

5

returning home. Alim did not report the incident to the police. After that incident, she worked from her home because she was afraid to go outside. Alim also testified that in 1998, her friend's father was murdered. Several individuals broke into a store owned by her friend's parents, and then struck her friend's father until he was unconscious. The assailants then poured gasoline over his unconscious body and lit him on fire. The store was located approximately one hour away from Alim's residence. Alim also testified that her brother still resides and works in Indonesia.

The IJ concluded, and the BIA affirmed, that the attempted rape incident, while certainly horrendous, was an isolated criminal event, which was not motivated by Alim's ethnicity or religion. Alim argues that, because the IJ and the BIA failed to consider whether she established persecution based on a particular social group, specifically her gender, we should remand her case for further consideration. We disagree.

Alim's application for withholding of removal asserts that she was persecuted on account of being a "Chinese woman," living in Indonesia, not simply as a female living in Indonesia. (Petr.'s App. 90.) Alim's membership in a social group is, therefore, dependent on her ethnicity as well as her gender. Accordingly, the IJ's conclusion that the attempted rape of Alim was not motivated by her ethnicity addressed not only her claim involving persecution on account of ethnicity, but also her claim involving persecution on account of her membership in a particular social group, i.e., as a Chinese woman.

6

We further conclude that the IJ's and the BIA's decisions regarding Alim's withholding of removal application are supported by substantial evidence in the record. Alim's account of isolated criminal acts do not rise to the level of persecution that would compel a contrary conclusion to the determinations of the IJ and the BIA. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). Furthermore, none of the incidents recounted by Alim compels the conclusion that she has established a well-founded fear of future persecution.

**Petitioner Kho**

Kho testified that he left Indonesia because conditions were chaotic. While residing in Indonesia, his car was stopped by rioters, who then attacked him. The rioters broke out the windows of his car, pulled him out of the vehicle, and kicked him in the face. The rioters took his wallet and wristwatch, and broke his arm by hitting him with a stick. A security guard eventually got Kho back into his vehicle and drove him away from the scene. Kho testified that he went to the hospital as a result of the attack and stayed overnight for treatment. He did not report the incident to the police. Kho also testified that a threatening flyer had been put on his front porch, which stated, "kill the Chinese", and "we will impregnate the women." Several of the flyers had been distributed throughout Kho's neighborhood. Additionally, when Kho last spoke to his mother, who still resides in Indonesia, she told him that, while holding a worship meeting at her home, three or four Muslim members of the community stopped by to question her

7

regarding the gathering in her home. Kho's mother told the group that she was simply visiting with friends. The group left, but warned Kho's mother that she could not hold prayer meetings without a permit.

Upon review of the record, we conclude that the determinations by the BIA and the IJ are supported by substantial evidence. Persecution is defined as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)). None of the incidents Kho testified regarding compels a contrary conclusion to the findings of the BIA and the IJ.

Given the deferential standard of review that governs, we will not disturb the decisions of the BIA and the IJ.[3] For the foregoing reasons, we will deny Petitioners' petitions for review. In light of our disposition of Petitioners' petition for review, Petitioners' motion for a stay of removal is denied as moot. See Catney v. I.N.S., 178 F.3d 190, 196 n.9 (3d Cir. 1999).

---

[3] Petitioners do not allege any incidents or likelihood of torture, and thus cannot meet the criteria for relief under the CAT. 8 C.F.R. § 208.16(c)(2).